GERSHOM M. FITCH & another *vs.* STEPHEN STEVENS.

Where on a complaint, under the Rev. Sts. *c.* 116, for flowing lands, the complainar obtains judgment on a verdict of the sheriff's jury, he is entitled to the costs of foi mer trials in which the verdicts returned for him were set aside for irregularity.

SHAW, C. J. On a complaint for flowing, two verdicts had been set aside ; the first for an irregularity in the verdict ; the second for an irregularity in empannelling the sheriff's jury ; and ultimately the complainants, upon an unexceptionable verdict, obtained judgment for the amount of the verdict and costs. The defendants objected to the allowance of any costs of the first two trials before the sheriff's jury, and the objection was overruled by the court of common pleas, and the costs allowed ; and, on exceptions, the question is now brought before this court.

We are of opinion, that the decision of the court of common pleas was right. By Rev. Sts. *c.* 116, § 31, the party prevailing, in every suit under that chapter, which includes complaints for flowing, shall be entitled to full costs, unless where it is oth

erwise expressly provided.   The court had jurisdiction of the
cause ; the costs were necessarily incurred in the prosecution
of the cause, and came within the express provision of the
statute.   We cannot perceive how it differs from the ordi-
nary case of a verdict set aside and a new trial granted, for
some error or irregularity attending the former trial ; in which
case, general costs are allowed to the party ultimately prevailing,
unless otherwise specially ordered.   Were it a question of dis-
cretion, and so competent for us to inquire into the particular
circumstances of the case, we do not perceive that the irregu-
larity, in either of the first two trials before the sheriff, was im-
putable to the complainants.

*Exceptions overruled.*

*L. Church*, of Connecticut, *& Sumner*, for the respondent.
*Wells*, for the complainants.